UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DAVID A. ABRAMS,                              :
A/K/A ABRAHAMS,                              :
     Petitioner,                              :
                                   :          Case No. 3:17cv1732(MPS)
     v.                              :
                                   :
COMMISSIONER OF CORRECTION,          :
     Respondent.                              :


**RULING ON MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, David A. Abrams, a/k/a Abrahams, is currently confined at the Garner

Correctional Institution.  On December 7, 2001, in *State v. Abrams*, Case No. D03D-CR97-

0131949-T, a judge sentenced the petitioner to a five-year term of imprisonment for a violation

of probation and in *State v. Abrams*, Case No. DBD-CR00-0110691-S, the same judge sentenced

the petitioner to eighteen years of imprisonment followed by two years of special parole on one

count of criminal attempt to commit murder, eighteen years of imprisonment followed by two

years of special parole on one count of assault in the first degree, five years of imprisonment on

one count of criminal possession of a firearm, and five years of imprisonment followed by five

years of special parole on one count of commission of a Class A, B, or C felony with a firearm.

*See* Resp't's Mem. Supp. Mot. Dismiss ("Mem. Mot. Dismiss"), App. 1, ECF No. 19-1 at 2;

App. 66, ECF No. 19-66, Sentencing Tr. 3-4, 28-30 Dec. 7, 2001.[1]  All sentences were to run

---

[1]  The court notes that citations to the appendices filed in support of the memorandum in
support of the motion to dismiss will be made to the original page number or numbers assigned
to or listed on each document filed as an appendix rather than to the ECF number or numbers
assigned to each page of the document when it was filed electronically with the court.

1

consecutively to each other for a total effective sentence of fifty-one years of imprisonment followed by nine years of special parole. *See id.*

The petitioner initiated this action on October 13, 2017 by filing a petition for a writ of habeas corpus pursuant 28 U.S.C. § 2254 to challenge all five of his 2001 convictions and sentences. *See* Pet. Writ Habeas Corpus at 2. Pending before the court is the respondent's motion to dismiss the petition because it contains both exhausted and unexhausted grounds. For the reasons that follow, the motion to dismiss will be granted.

## I. Procedural Background

On November 9, 2000, a Danbury police officer arrested the petitioner on charges of criminal attempt to commit murder, assault in the first degree, and criminal violation of a protective order. *See* Mem. Mot. Dismiss, App. 4, ECF No. 19-4, at 1-2. On October 17, 2001, an assistant state's attorney in the Connecticut Superior Court for the Judicial District of Danbury filed a substitute long form information charging the petitioner with criminal attempt to commit murder in violation of Connecticut General Statutes §§ 53a-49, 53a-54a, assault in the first degree in violation of Connecticut General Statutes § 53a-59, criminal possession of a firearm in violation of Connecticut General Statutes § 53a-217, and commission of a Class A, B, or C felony with a firearm in violation of Connecticut General Statutes § 53-202k. *See id.* at 5-6.

On October 26, 2011, after a trial, a jury convicted the petitioner of all four counts in the substitute information. *See* Pet. Writ. Habeas Corpus at 2; Mem. Mot. Dismiss, App. 4, ECF No. 19-4, at 6, 8-9. After the judge accepted the jury's verdict, the judge considered the charge that the petitioner had violated the conditions of the term of probation imposed as part of his prior 1998 sentence for a conviction of possession of a weapon in a motor vehicle in *State v. Abrams*,

Case No. D03D-CR97-0131949-T.  *See* App. 61, ECF No. 19-65, Trial Tr. 122, Oct. 26, 2001;

App. 66, ECF No. 19-66, Sentencing Tr. 3-4, Dec. 7, 2001.  The judge found the petitioner had

violated the conditions of the term of probation.  *See id.*

On December 7, 2001, the judge who had presided over the petitioner's trial in *State v.*

*Abrams*, Case No. DBD-CR00-0110691-S, held a hearing to sentence the petitioner pursuant to

his convictions for criminal attempt to commit murder, assault in the first degree, criminal

possession of a firearm in that case and to sentence the petitioner pursuant to his conviction for a

violation of probation in *State v. Abrams*, Case No. D03D-CR97-0131949-T.  *See* Mem. Mot.

Dismiss, App. 66, ECF No. 19-66, Sentencing Tr. Dec. 7, 2001.  At the hearing, the judge

sentenced the petitioner to a five-year term of imprisonment pursuant to his finding that the

petitioner had violated the conditions of the term of probation imposed as part of his prior 1998

sentence for a conviction of possession of a weapon in a motor vehicle in *State v. Abrams*, Case

No. D03D-CR97-0131949-T.  *See id.* at 2-4, 29.  The judge also sentenced the petitioner to

eighteen years of imprisonment followed by two years of special parole pursuant to his

conviction for criminal attempt to commit murder, eighteen years of imprisonment followed by

two years of special parole pursuant to his conviction for assault in the first degree, five years of

imprisonment pursuant to his conviction for criminal possession of a firearm, and five years of

imprisonment followed by five years of special parole pursuant to his conviction for commission

of a Class A, B, or C felony with a firearm in *State v. Abrams*, Case No. DBD-CR00-0110619-S.

*See id.* at 29-30; App. 1, ECF No. 19-1, at 2.

All sentences imposed in *State v. Abrams*, Case No. DBD-CR00-0110619-S were to run

consecutively to each other and consecutively to the five-year sentence imposed pursuant to the

conviction for violation of probation in *State v. Abrams*, Case No. D03D-CR97-0131949-T and

the terms of special parole were also to run consecutively to each other. *See* App. 1, ECF No.

19-1, at 2. Thus, the total effective sentence imposed for the convictions in Case No. DBD-

CR00-0110619-S and Case No. D03D-CR97-0131949-T was fifty-one years of imprisonment

followed by nine years of special parole. *See* App. 66, ECF No. 19-66, Sentencing Tr. 29-30.

The petitioner appealed his convictions and sentences imposed in *State v. Abrams*, No.

DBD-CR00-0110619-S on the ground that the assistant state's attorney assigned to his case

deprived him of his "right[] to due process and to a fair trial" by engaging in various forms of

"prosecutorial misconduct" during trial and during his closing argument. *State v. Abrahams*, 79

Conn. App. 767, 769, 831 A.2d 299, 302 (2003).[2] On October 7, 2003, the Connecticut

Appellate Court determined that although the prosecutor had engaged in two types of improper

misconduct during closing argument, the plaintiff's trial was not fundamentally unfair. *See id.* at

776-82, 831 A. 2d at 306-10. Thus, the Connecticut Appellate Court affirmed the judgment of

the trial court. *See id.* at 783, 831 A. 2d at 310.

On October 16, 2003, the petitioner's appellate counsel filed a motion for reconsideration

and for reconsideration *en banc*. *See* Mem. Mot. Dismiss, App. 8, ECF No. 19-8. On October

31, 2003, appellate counsel filed a motion for permission to file a late petition for certification to

the Connecticut Supreme Court. *See id.* App. 10, ECF No. 19-10. On December 2, 2003, the

Connecticut Supreme Court granted the petitioner an extension of time until twenty days after

the issuance of the notice disposing of the motion for reconsideration to file a petition for

---

[2] Neither the petitioner, nor the respondent has asserted that the petitioner appealed his 2001 conviction for a violation of probation or the five-year sentence imposed pursuant to that conviction by a judge in *State v. Abrams*, Case No. D03D-CR97-0131949-T.

4

certification. *See id.* App. 11, ECF No. 19-11. On January 15, 2004, the Connecticut Appellate Court denied the petitioner's motion for reconsideration and reconsideration *en banc*. *See id.* App. 9, ECF No. 19-9. Appellate counsel did not file a petition for certification within the time specified by the Connecticut Supreme Court.

Over four years later, on May 15, 2008, the petitioner filed a *pro se* motion seeking permission to file a late petition for certification to appeal the decision of the Connecticut Appellate Court affirming his conviction. *See id.* App. 12, ECF No. 19-12. On June 3, 2008, the Connecticut Supreme Court denied the motion without comment. *See id.* App. 14, ECF No. 19-14.

On March 5, 2002, before the direct appeal of his convictions became final, the petitioner filed his first state habeas corpus petition in the Connecticut Superior Court for the Judicial District of New Haven. *See Abrahams v. Warden*, No. CV02-464618-S, 2005 WL 758152 (Conn. Super. Ct. Feb. 28, 2005); Mem. Mot. Dismiss, App. 15, ECF No. 19-15. The petitioner filed three amended petitions. *See* Mem. Mot. Dismiss, App. 15, ECF No. 19-15. The operative third amended petition filed on September 17, 2003, asserted one claim, ineffective assistance of trial counsel, and included twenty-three examples of allegedly deficient performance. *See id.* App. 16, ECF No. 19-16. On February 28, 2005, after a hearing, the judge denied the amended petition because he concluded that trial counsel had not performed deficiently and that the petitioner had not demonstrated prejudice from the performance of trial counsel. *See Abrahams*, 2005 WL 758152, at *11-12.

The petitioner timely filed an appeal from the denial of the habeas petition. *See* Mem. Mot. Dismiss, App. 20, ECF No. 19-20, at 40. The court appointed a special public defender to

represent the petitioner on appeal and counsel subsequently filed a brief in support of the appeal raising one issue, ineffective assistance of counsel at sentencing. *See id.* App. 21, ECF No. 19-21, at 1-20. On September 27, 2006, the petitioner's special public defender withdrew the appeal before the Connecticut Appellate Court rendered a decision. *See id.* App. 19-24, ECF No. 19-24.

On September 30, 2004, the petitioner filed a second state habeas corpus petition in the Connecticut Superior Court for the Judicial District of Tolland at Rockville. *See Abrams v. Warden*, No. CV04-7000112-S, 2008 WL 1823047 (Conn. Super. Ct. Apr. 8, 2008); Mem. Mot. Dismiss, App. 25, ECF No. 19-25. On April 26, 2007, counsel for the petitioner filed an amended petition asserting claims of ineffective assistance of habeas counsel. *See* Mem. Mot. Dismiss App. 26, ECF No. 19-26. On December 31, 2007, the petitioner filed a motion seeking leave to file a second amended petition to include claims of ineffective assistance of trial counsel. *See id.* App. 25, ECF No. 19-25, at 2; App. 31, ECF No. 19-31, at A-21 to A-22. On January 2, 2008, a judge held an evidentiary hearing to address the claims filed in first amended petition. *See id.* App. 64, ECF No. 19-72, First Habeas Hearing Tr., Jan. 2, 2008. At the beginning of the hearing, the judge denied the petitioner's motion to amend and denied his request for a continuance. *See id.* at 2-5; App. 31, ECF No. 19-31 at A-23. On April 8, 2008, a state court judge denied the amended petition for writ of habeas corpus. *See Abrams,* 2008 WL 1823047, at *6.

On May 23, 2008, the petitioner filed an appeal of the denial of his second habeas petition to the Connecticut Appellate Court. *See* Mem. Mot. Dismiss App. 29, ECF No. 19-29, at 23. On appeal, appellate counsel did not challenge the decision of the state court regarding the merits of the petitioner's claims of ineffective assistance of habeas counsel. Instead, counsel

argued that the trial court had abused its discretion in denying the petition for certification to appeal, erred in not allowing the petitioner to amend the petition on the day of trial and denying the petitioner's request for a continuance, and erred in failing to inquire whether a conflict of interest existed between the petitioner and habeas counsel. *See id.* at 26; App. 30, ECF No. 19-30.

On February 16, 2010, the Connecticut Appellate Court dismissed the appeal after concluding that the trial court did not abuse its discretion in any of the four ways asserted by the petitioner on appeal. *See Abrams v. Comm'r of Correction*, 119 Conn. App. 414, 417-22, 987 A.2d 370, 374-76 (2010). On March 30, 2010, the Connecticut Supreme Court denied certification to appeal from the decision of the Connecticut Appellate Court. *See Abrams v. Commissioner of Correction*, 295 Conn. 920, 991 A.2d 564 (2010).

On March 20, 2008, the petitioner filed a third state habeas corpus petition in the Connecticut Superior Court for the Judicial District of Tolland at Rockville. *See Abrams v. Warden*, No. CV08-4002319-S; Mem. Mot. Dismiss App. 35, ECF No. 19-35. A judge dismissed the petition on April 2, 2008, and the petitioner did not appeal the dismissal.[3] *See id.*

On January 19, 2006, the petitioner filed a motion to correct illegal sentence. *See* Mem. Mot. Dismiss App. 37, ECF No. 19-37, at 13-14. On September 1, 2006, the petitioner filed a second motion to correct illegal sentence. *See id.* at 31-43. The first motion raised four grounds. *See id.* at 29 n.3. The second motion to correct illegal sentence raised one ground: whether the petitioner's convictions and sentences for assault in the first degree and criminal possession of a firearm constituted a double jeopardy violation. *See id.* at 35.

---

[3] Neither the petitioner, nor the respondent identify the claims asserted in the third state habeas petition.

At a hearing held on February 27, 2007 to address the first motion to correct illegal sentence, the petitioner withdrew two of the four grounds asserted in the motion and proceeded only on the ground that his convictions and sentences for attempted murder and assault in the first degree violated the Double Jeopardy Clause of the Fifth Amendment and on the ground that the sentence imposed pursuant to the petitioner's conviction for a violation of probation was illegal or improper because the trial court lacked jurisdiction to adjudicate the violation of probation charge. *See id.* at 28-29 & n.3; App. 65, ECF No. 19-73, First Hearing First Mot. Correct Illegal Sentence Tr. 18, 21, Feb. 23, 2007. On April 2, 2007, the court denied the first motion to correct illegal sentence because the convictions for attempted murder and first degree assault were not the same offenses for double jeopardy purposes and the sentence imposed pursuant to the conviction for a violation of probation was not eligible for review in a motion to correct sentence, and even if it was eligible for review, it lacked merit. *See id.* App. 37, ECF No. 19-37, at 13-14, 28-30.

On April 9, 2008, a different judge permitted the petitioner to reargue the double jeopardy claim raised in the first motion to correct illegal sentence. *See id.* App. 65, ECF No. 19-74, Second Hearing First Mot. Correct Illegal Sentence Tr. 7-10, Mar. 5, 2008; App 65, ECF No. 19-75, Third Hearing First Mot. Correct Illegal Sentence Tr. 7-19, Apr. 9, 2008. At the end of the hearing on April 9, 2008, the second judge denied the first motion to correct illegal sentence. *See id.* App. 65, ECF No. 19-75, Third Hearing First Mot. Correct Illegal Sentence Tr. 19, Apr. 9, 2008.

The petitioner appealed the orders denying the first motion to correct illegal sentence on the ground that the trial judges had erred in concluding that his sentences for attempted murder, first degree assault, and criminal possession of a firearm did not violate the Double Jeopardy

Clause of the Fifth Amendment.  *See id.* at 45; App. 38, ECF No. 19-38, at i-ii, 1-2.  On October

20, 2009, the Connecticut Appellate Court issued a *per curiam* decision affirming the judgment

of the trial court without comment.  *See State v. Abrahams*, 117 Conn. App. 901, 980 A.2d 363

(2009).  On January 14, 2010, the Connecticut Supreme Court denied certification to appeal from

the decision of the Connecticut Appellate Court.  *See State v. Abrahams*, 294 Conn. 927, 986

A.2d 1054 (2010).

On December 11, 2009, the petitioner filed a fourth state habeas corpus petition in the

Connecticut Superior Court for the Judicial District of Tolland at Rockville.  *See Abrams v.*

*Warden, State Prison*, No. TSR-CV-104003316-S, 2012 WL 5992687 (Conn. Super. Ct. Nov.

13, 2012), Mem. Mot. Dismiss App. 44, ECF No. 19-44.   In an amended petition filed on June

16, 2012, the petitioner asserted claims of ineffective assistance of trial counsel, appellate

counsel and habeas counsel.  *See* Mem. Mot. Dismiss, App. 45, ECF No. 19-45.  On November

13, 2012, after an evidentiary hearing, the court denied the amended petition.  *See Abrams*, 2012

WL 5992687, at *11.[4]

The petitioner timely filed an appeal from the denial of the habeas petition.  *See* Mem.

Mot. Dismiss, App. 48, ECF No. 19-48 at 38.  On appeal, the petitioner raised the following

issues:  (1) did the trial court abuse its discretion in denying the petition for certification to

appeal the decision denying the habeas petition, (2) did the trial court err in concluding that

second habeas counsel did not engage in effective assistance of counsel when he failed to allege

and establish claims of ineffective assistance of prior counsel regarding misconduct by the

---

[4]  The court notes that the judge who issued the decision in this case refers to the petition
as the petitioner's third state habeas petition because he did not acknowledge the petitioner's
filing of a third petition in March 2008 in *Abrams v. Warden*, No. CV08-4002319-S.  *See id.* at
*1.  The third petition was dismissed less than a month after it had been filed and the petitioner
did not appeal the dismissal of the petition.  *See* Mem. Mot. Dismiss App. 35, ECF No. 19-35.

prosecutor during trial and closing argument, and (3) did the trial court err in concluding that appellate counsel did not engage in ineffective assistance of counsel when she failed to raise all viable instances of prosecutorial misconduct on direct appeal. *See id.* at 41. On April 8, 2014, the Connecticut Appellate Court issued a *per curiam* decision dismissing the appeal without comment. *See Abrams v. Comm'r of Correction*, 149 Conn. App. 903, 87 A.3d 631 (2014). On May 29, 2014, the Connecticut Supreme Court denied certification to appeal from the decision of the Connecticut Appellate Court. *See Abrams v. Comm'r of Correction*, 312 Conn. 905, 93 A.3d 157 (2014).

On April 1, 2010, the petitioner filed a petition for writ of habeas corpus in this court challenging his 2001 convictions. *See Abrahams v. Comm'r of Correction*, Case No. 3:10cv519(MRK) (Pet. Writ Habeas Corpus, ECF No. 1). He raised four claims in the petition: (1) trial counsel was ineffective; (2) appellate counsel was ineffective; (3) the prosecutor engaged in prosecutorial misconduct; and (4) his convictions for attempted murder and assault in the first degree violated the Double Jeopardy Clause of the Fifth Amendment. *See id.* The respondent moved to dismiss the petition on the ground that it contained exhausted and unexhausted claims. *See* Motion to Dismiss, ECF No. 7. On December 8, 2010, the court granted the motion to dismiss because the petition was a mixed petition containing one exhausted claim, the double jeopardy violation, and three unexhausted claims, ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and prosecutorial misconduct. S*ee* Ruling and Order, ECF No. 15, at 14. The dismissal of the petition was without prejudice to the petitioner filing a new federal petition after he had exhausted his available state court remedies as to the unexhausted claims. *See id.* at 14-15.

On January 17, 2014, the petitioner filed a fifth state habeas corpus petition in the

Connecticut Superior Court for the Judicial District of Tolland at Rockville.  *See Abrahams v. Warden,* No. CV144006053S, 2017 WL 3480998 (Conn. Super. Ct. July 12, 2017); Mem. Mot. Dismiss App. 56, ECF No. 19-56.  In an amended petition filed on October 27, 2016, the petitioner asserted a claim that appellate counsel was ineffective on appeal from the denial of the of the first state habeas petition and a claim that second habeas counsel and fourth habeas counsel were ineffective in failing to raise the claim of ineffective assistance of first appellate habeas counsel.  *See* Mem. Mot. Dismiss, App. 57, ECF No. 19-57.   On July 12, 2017, after an evidentiary hearing, the court denied the amended petition.  *See Abrahams*, 2017 WL 3480998, at *4.[5]  On August 7, 2017, the petitioner filed an appeal of the decision denying the fifth state habeas petition.  *See* Resp't's Mem. Mot. Dismiss App. 59, ECF No. 19-60.  The appeal remains pending.[6]

On October 13, 2017, the petitioner initiated this action challenging his 2001 Connecticut convictions and sentences for attempted murder, assault in the first degree, criminal possession of a firearm, commission of a Class A, B, or C felony with a firearm, and a violation of probation.  *See* Pet. Writ Habeas Corpus at 2.  The respondent moved to dismiss the petition on March 29, 2018.

## II.    Standard of Review

---

[5]  The court notes that the judge who issued the decision in this case refers to the petition as the fourth state habeas petition.  *See id.* at *1.  In describing the prior petitions filed by the petitioner in state court, the judge did not acknowledge that the petitioner had filed a petition for writ of habeas corpus in March 2008 in *Abrams v. Warden*, No. CV08-4002319-S.  *See* Mem. Mot. Dismiss App. 35, ECF No. 19-35 (Case Detail for Habeas Petition filed on March 20, 2008).  Thus, he considered the habeas petition filed on December 11, 2009, *Abrams v. Warden, State Prison*, No. TSR-CV-104003316-S, to be the third state habeas petition and the petition addressed in his decision to be the fourth state habeas petition.

[6]  Information pertaining to the appeal of the fifth state habeas petition to the Connecticut Appellate Court may be found at: http://www.jud.ct.gov/jud2.htm under Supreme and Appellate

A prerequisite to habeas relief under section 2254 is the exhaustion of all available state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."); 28 U.S.C. § 2254(b)(1)(A) ("[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(1) there is an absence of available corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant"). The exhaustion requirement seeks to promote considerations of comity and respect between the federal and state judicial systems.  *See Davila v. Davis*, ___ U.S. ___, 137 S. Ct. 2058, 2064, (2017) ("The exhaustion requirement is designed to avoid the 'unseemly' result of a federal court 'upset[ting] a state court conviction without' first according the state courts an 'opportunity to ... correct a constitutional violation.'") (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

To meet the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*) (internal quotation marks and citation omitted).  A federal claim has been "fairly present[ed] in each appropriate state court, including a state supreme court with powers of discretionary review," if it "alert[s] that court to the federal nature of the claim."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal parentheses and quotation marks omitted).  A petitioner "does not fairly present a claim to a state court if that court must read beyond a petition or a brief

---

Court Case Look-up, By Docket Number using Case No. AC 40719 (last visited Feb. 14, 2019).

. . . that does not alert it to the presence of a federal claim in order to find material . . . that does so." *Id.* at 32.

## III. Discussion

The petition raises four grounds. *See* Pet. Writ Habeas Corpus at 9-70. All four grounds are addressed to the 2001 convictions and sentences for attempted murder, assault in the first degree, criminal possession of a firearm, and commission of a Class A, B, or C felony with a firearm. *See id.* There is no ground that is addressed to the 2001 conviction and sentence for a violation of probation. *See id.*

The respondent argues that the petitioner has not fully exhausted his available state court remedies as to grounds one, two and four of the petition and has only partially exhausted ground three of the petition. The respondent seeks dismissal of the petition without prejudice to filing a new petition after the petitioner has completed the exhaustion process in state court as to all grounds. The petitioner states that he has exhausted his state court remedies as to grounds two and three and has exhausted some of the sub-claims in both grounds one and four. *See* Pet'r's Mem. Opp'n Mot. Dismiss, ECF No. 28, at 16-22, 27, 41-47, 60-61.

### A. Ineffective Assistance of Trial Counsel

The first ground of the petition includes thirty-five sub-claims of ineffective assistance of trial counsel. Sub-claim 33 - failure of trial counsel to object to, request a curative instruction or move for a mistrial for instances of repeated prosecutorial misconduct, and sub-claim 34 - failure of trial counsel to object to, request a curative instruction or move for a mistrial regarding improper jury instructions by the trial judge, include additional sub-claims. *See* Pet. Writ Habeas Corpus at 9, 22-59; Resp't's Mem. Supp. Mot. Dismiss at 36-40. The respondent argues that the petitioner has not

fully exhausted any of the thirty-five sub-claims of ineffective assistance of trial counsel.

### 1.    First and Second State Habeas Petitions

In response to the motion to dismiss, the petitioner states that he asserted twenty-three sub-claims of ineffective assistance of trial counsel in his first state habeas petition.  The petitioner concedes that he did not fully exhaust those claims on appeal from the denial of the first state habeas petition because appellate counsel withdrew the appeal before the Connecticut Appellate Court issued a decision.  The petitioner states that he has attempted to exhaust the claims raised in the first state habeas petition by asserting an ineffective assistance of first habeas appellate counsel claim in his fifth state habeas petition.   He does not dispute that a state court judge denied the fifth state habeas petition and that the appeal of the denial of that petition remains pending in state court.

In the second state habeas petition, the petitioner raised ineffective assistance of habeas counsel claims.  The petitioner initially contended that counsel in his first habeas state habeas petition was ineffective in failing to raise thirteen claims of ineffective assistance of trial and appellate counsel but withdrew or abandoned five of the thirteen claims in the evidentiary hearing held in the case.  *See* Mem. Mot. Dismiss App. 26, ECF No. 19-26; *Abrams,* 2008 WL 1823047, at *2 n.3.  The petitioner states that he attempted to amend the second state habeas petition to raise claims of ineffective assistance of trial counsel claims, but the judge assigned to the case denied his request because he had raised ineffective assistance of trial counsel claims in the first state habeas petition and another judge had denied that petition on the merits.  The petitioner concedes that second appellate habeas counsel did not appeal the denial of the second state habeas petition on the merits.

The petitioner has not made clear which of the thirty-five sub-claims of ineffective assistance of trial counsel asserted in the present petition were also raised in the first state habeas petition or in

the second state habeas petition through an ineffective assistance of habeas counsel claim.  To the

extent that some of the sub-claims in ground one of the present petition were asserted either in the

first state habeas petition or were asserted in the second state habeas petition as part of the ineffective

assistance of first habeas counsel claims, those sub-claims are unexhausted because the petitioner did

not raise any of the sub-claims of ineffective assistance of trial counsel asserted in the first and

second state habeas petitions on appeal from the decisions denying those state habeas petitions.

## 2. Fourth State Habeas Petition

The petitioner contends that he raised twenty-one of the thirty-five sub-claims of ineffective

assistance of trial counsel asserted in ground one of this petition, in the fourth state habeas petition.

by claiming that first and second habeas counsel were ineffective in failing to raise those sub-claims

of ineffective assistance of trial counsel in the first and second state habeas petitions.  He identifies

those sub-claims as 1-13, 16-18, 20, 23, 25, and 29-32.  *See* Pet'r's Mem. Opp'n Mot. Dismiss, ECF

No. 28, at 42.

In the amended petition filed on June 16, 2012, in the fourth state action, the petitioner

asserted a claim of ineffective assistance of second habeas counsel related to counsel's failure to raise

various claims of ineffective assistance of trial counsel, appellate counsel, and first habeas counsel.

*See* Mem. Mot. Dismiss App. 44, ECF No. 19-45, *Abrams v. Warden, State Prison*, No. TSR-CV-

104003316-S (Am. Pet. Writ Habeas Corpus).  In count four of the amended petition, the petitioner

argued that second habeas counsel was ineffective in failing to assert eleven claims of ineffective

assistance of trial counsel.  *See id.* at 10-12.  Three of the eleven claims pertained to trial counsel's

alleged failure to object to or preserve for appeal eight different types of prosecutorial misconduct

which had occurred during trial and closing argument.  *See id.*  On appeal from the denial of the

fourth state habeas petition, appellate habeas counsel raised the claim that the trial judge erred in finding that second habeas counsel was not ineffective in failing to raise ineffective assistance of trial counsel claims related to counsel's alleged failure to make objections to five different types of alleged prosecutorial misconduct: improper expression of personal opinion, commenting on facts not in evidence, appealing to the jury's emotions, vouching for a witness, and inducing the petitioner to comment on the credibility of a witness. *See* Mem. Mot. Dismiss, App. 48, ECF No. 19-49, at 4, 23-35. The Connecticut Appellate Court affirmed the denial of the fourth habeas petition in a *per curiam* decision. *See Abrams*, 149 Conn. App. 903, 87 A.3d 631. In the petition for certification to appeal from the dismissal of the appeal by the Connecticut Appellate Court, appellate counsel raised the claim that the trial judge erred in finding that second habeas counsel was not ineffective in neglecting to raise ineffective assistance of trial counsel claims related to counsel's alleged failure to make objections to four different types of alleged prosecutorial misconduct: improper expression of personal opinion, commenting on facts not in evidence, appealing to the jury's emotions and vouching for a witness. *See* Resp't's Mem. Mot. Dismiss App. 52, ECF No. 19-53 at 1, 5-9. The Connecticut Supreme Court denied certification to appeal. *See Abrams*, 312 Conn. 905, 93 A.3d 157.

Thus, it is apparent that the petitioner attempted to exhaust the ineffective assistance of trial counsel sub-claims asserted in the present petition, 7, 8, 9, 11 and part of 33, that are related to trial counsel's alleged failure to object to instances or examples of prosecutorial misconduct identified as: improper expression of personal opinion, commenting on facts not in evidence, appealing to the jury's emotions and vouching for a witness, through the filing and appeal of the fourth state habeas petition. The respondent only briefly addresses whether the claims of ineffective assistance of trial counsel raised on appeal from the denial of the fourth state habeas petition were exhausted. *See*

16

Resp't's Mem. Mot. Dismiss at 49.

The respondent does not dispute that on appeal from the denial of the fourth state habeas petition to the Connecticut Appellate and Supreme Courts, appellate counsel raised an ineffective assistance of trial counsel claim related to trial counsel's failure to object to various instances or types of prosecutorial misconduct through his claim of ineffective assistance of second habeas counsel. The respondent, without further discussion, however, contends that the claims of ineffective assistance of trial counsel were not exhausted on appeal from the fourth state habeas petition because those specific claims were not raised at the hearing held to address the claims asserted in the fourth state habeas petition and were not addressed in the decision denying the fourth state habeas petition. *See id.*  To the extent that this contention constitutes an argument that the petitioner procedurally defaulted the sub-claims of ineffective assistance of trial counsel raised on appeal from the fourth state habeas petition, the court declines to reach it at this time as there are multiple, other claims of ineffective assistance of counsel that are unexhausted and could still be exhausted in state court.  *See Abrahams v. Comm'r of Corr.*, No. 3:10CV519(MRK), 2010 WL 5093113, at *7 (D. Conn. Dec. 8, 2010) (declining to reach argument that one claim had been procedurally defaulted because respondent had recommended that the court dismiss the habeas petition without prejudice to permit the petitioner to exhaust his state court remedies as to other unexhausted claims and a determination that one claim in the petition had been procedurally defaulted would constitute a decision on the merits that "could render any future federal habeas application filed by Mr. Abrahams a second or subsequent habeas application") (citing *Turner v. Artuz,* 262 F.3d 118, 122 (2d Cir. 2001)).

### 3. <u>Avenue to Exhaust Claims in State Court</u>

The petitioner does not dispute that he has not fully exhausted all of the thirty-five sub-claims

of ineffective assistance of trial raised in the first ground of the petition. Pursuant to 28 U.S.C. § 2254(c)(3), "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has a right under the law of the State to raise, by any available procedure, the question presented." *See* 28 U.S.C. 2254(c).

It is clear that the petitioner is in the process of attempting to exhaust the sub-claims of ineffective assistance of counsel that he raised in the first state habeas petition by asserting a claim in the fifth state habeas petition that first appellate habeas counsel was ineffective when he withdrew the appeal to the Connecticut Appellate Court from the denial of the first state habeas petition and should have raised additional sub-claims other than the single sub-claim that he did raise in his appellate brief before withdrawing it. The appeal of the denial of the fifth state habeas petition remains pending. Thus, the petitioner still has an avenue by which to exhaust the ineffective assistance of counsel claims that were raised in the first state habeas petition and that are also raised in the present petition.

The respondent argues that the sub-claims of ineffective assistance of trial counsel that are not raised in the fifth state habeas petition and were either not raised on appeal from the denial of the second state habeas or were not properly raised or addressed in the fourth state habeas petition or on appeal from the denial of the fourth state habeas petition may be exhausted by raising them in a new state habeas by asserting claims of ineffective assistance of second appellate habeas counsel, fourth habeas counsel, fourth appellate habeas counsel and/or fifth habeas counsel in failing to assert or properly assert those sub-claims of ineffective assistance of trial counsel. The petitioner contends that the court should excuse his failure to exhaust his state court remedies or deem those unexhausted sub-claims of ineffective of counsel as having been exhausted because the state court remedies are

ineffective and unavailable. Specifically, the petitioner argues that he should not have to return to state court to exhaust the unexhausted sub-claims by filing another state habeas petition to assert claims of ineffective assistance of prior habeas counsel because federal law does not recognize claims of ineffective assistance of habeas counsel. But the petitioner is confusing the exhaustion requirement with the merits of the claim. The fact that a claim of ineffective assistance of habeas counsel would not succeed in federal court does not mean that a petitioner cannot use that claim in state court as a vehicle to exhaust his claim of ineffective assistance of trial counsel, i.e., by asserting that habeas counsel was ineffective in failing to raise the ineffective assistance of trial counsel claim in a prior petition.

Connecticut law affords the petitioner an opportunity to exhaust the unexhausted ineffective assistance of trial counsel claims through a state habeas petition alleging ineffective assistance of habeas counsel for failure to raise his non-exhausted ineffective assistance of trial counsel claims. *See Iovieno v. Commissioner of Correction*, 242 Conn. 689, 699–702, 699 A.2d 1003, 1009–10 (1997) (habeas petitioner has right to effective assistance of counsel in a habeas appeal and a habeas petition is the appropriate remedy for a claim of ineffective assistance of habeas appellate counsel); *Lozada v. Warden*, 223 Conn. 834, 838-39, 613 A.2d 818, 837-39 (1992) (holding a habeas petitioner may achieve a new trial by asserting ineffective assistance of both trial counsel and former habeas counsel in a new habeas petition, based on Conn. Gen. Stat. § 51-296, which grants a right to counsel for an indigent person in any habeas proceeding, and the notion that appointed counsel "must be effective and competent"). In other words, a petitioner may exhaust an ineffective assistance of trial counsel claim by filing a state habeas petition asserting a claim that habeas trial counsel or habeas appellate counsel was ineffective in neglecting to raise that ineffective assistance of trial counsel

19

claim because the habeas judge must necessarily decide the merits of the ineffective assistance of trial counsel claim to determine whether habeas counsel or habeas appellate counsel was ineffective for failing to raising the claim in a prior petition. *See Lorthe v. Warden*, No. 3:01-CV-1479 (AWT), 2018 WL 4845741, at *3–4 (D. Conn. Oct. 3, 2018) (recognizing that habeas case "ha[d] been reopened and dismissed several times" but concluding that "court cannot address the petitioner's claims unless and until he has utilized all available means to exhaust them" and that petitioner could still file a third habeas petition in state court asserting a claim of ineffective assistance of habeas appellate counsel "for failing to raise all of the ineffective assistance of trial counsel claims that were addressed in the second state habeas trial and decision"). The court concludes that the petitioner has not demonstrated that it would be futile or that state remedies are unavailable with regard to the un-exhausted sub-claims of ineffective assistance of trial counsel.

Because the petitioner still has an avenue in state court to continue to pursue the ineffective assistance of trial counsel sub-claims that were raised in the first state habeas petition through the claim of ineffective assistance of first habeas appellate counsel in his fifth state habeas petition and has an avenue to assert the ineffective assistance of trial counsel sub-claims that were not raised on the appeal from the second state habeas petition, the fourth habeas petition or on appeal from the denial of the fourth state habeas petition, in a new state habeas petition, the court will not deem the ineffective assistance of trial counsel sub-claims asserted in ground one of this petition as having been exhausted. *See* 28 U.S.C. 2254(c)(3). Ground one of the petition is dismissed for failure to fully exhaust state court remedies as to all sub-claims of ineffective assistance of trial counsel.

### B.     Prosecutorial Misconduct

In ground two, the petitioner claims that the prosecutor engaged in multiple different types of

prosecutorial misconduct during the trial and in his closing argument and the cumulative effect of this misconduct denied him a fair trial. The description of the petitioner's prosecutorial misconduct claim includes nine sub-headings. *See* Pet. Writ Habeas Corpus at 11, 60-61. The first sub-heading describes the types of prosecutorial misconduct raised by appellate counsel on direct appeal and the disposition of the claim of prosecutorial misconduct by the Connecticut Appellate Court. *See id.* at 60. In sub-headings two through nine, the petitioner contends that the prosecutor engaged in misconduct by: (1) repeatedly commenting on facts not in evidence, (2) asking the petitioner to comment on the veracity of the testimony of a witness, (3) repeatedly appealing to the emotions and passions of the jury, (4) repeatedly vouching for the credibility of a witness, (5) repeatedly making references to the petitioner's status as an incarcerated individual, (6) repeatedly expressing his opinions and other prosecutors' opinions, (7) repeatedly coaching and leading witnesses during direct examination, and (8) improperly making reference to a missing alibi witness during closing argument. *See id.* at 60-61.

### 1.     <u>Direct Appeal</u>

On direct appeal to the Connecticut Appellate Court, counsel representing the petitioner raised four types of prosecutorial misconduct. Specifically, counsel argued that: (1) the prosecutor referred to an absent, alibi witness in closing argument in violation of the trial judge's prior order regarding what comments could be made as to that witness, (2) the prosecutor unnecessarily referred to the petitioner's status as an incarcerated individual during direct examination and during closing argument, (3) the prosecutor made comments "about matters that were not in evidence" during closing argument, and (4) the prosecutor improperly asked the petitioner on direct examination "to comment on the credibility of another witness." *State v. Abrahams*, 79 Conn. App. 767, 772-78, 831

A.2d 299, 304-07 (2003). On October 7, 2003, the Connecticut Appellate Court affirmed the petitioner's judgment of conviction. *See id.* at 782, 831 A.2d at 310.

The respondent argues that none of the prosecutorial misconduct sub-claims have been fully exhausted to the Connecticut Supreme Court and that the four sub-claims of prosecutorial misconduct that essentially mirror the sub-claims raised on direct appeal, sub-claims 1, 2, 5, and 8, are procedurally defaulted because neither appellate counsel, nor the petitioner filed a timely petition for certification to the Connecticut Supreme Court from the decision of the Connecticut Appellate Court affirming his conviction and sentence. The petitioner concedes that he did not fully exhaust the claims of prosecutorial misconduct raised on direct appeal.

### 2. Fourth State Habeas Petition

A review of the petitioner's description and exhaustion of the prosecutorial misconduct sub-claims asserted in ground two reflects that the types or instances of prosecutorial misconduct that the petitioner seeks to challenge are different from the types or instances of misconduct challenged by counsel on direct appeal. *See* Pet. Writ Habeas Corpus at 11-12 (Ground Two, (c)(1) & (2) ("The types of misconduct raised in this petition were not raised on appeal."). The petitioner contends that he attempted to exhaust the types of prosecutorial misconduct sub-claims described in ground two of the present petition by asserting them through his claims of ineffective assistance of trial, appellate and second habeas counsel in the fourth state habeas petition. *See* Pet'r's Mem. Opp'n Mot. Dismiss, ECF No. 28, at 44; Mem. Mot. Dismiss, App. 45, ECF No. 19-45, at 5-14.

On appeal from the denial of the fourth state habeas petition, appellate habeas counsel asserted a claim that the trial judge erred in finding that second habeas counsel was not ineffective in failing to raise ineffective assistance of trial and appellate counsel claims related to trial counsel's

22

alleged failure to make objections to and appellate counsel's failure to raise five different types of alleged prosecutorial misconduct: improper expression of personal opinion, commenting on facts not in evidence, appealing to the jury's emotions, vouching for a witness, and inducing the petitioner to comment on the credibility of a witness. *See* Mem. Mot. Dismiss, App. 48, ECF No. 19-49, at 4, 23-35. The Connecticut Appellate Court affirmed the denial of the fourth habeas petition in a *per curiam* decision. *See Abrams v. Comm'r of Correction*, 149 Conn. App. 903, 87 A.3d 631 (2014). In the petition for certification to appeal from the dismissal of the appeal by the Connecticut Appellate Court, appellate counsel asserted that the trial judge erred in finding that second habeas counsel was not ineffective in failing to raise ineffective assistance of trial and appellate counsel claims related to trial counsel's alleged failure to make objections to and appellate counsel's failure to raise four different types of alleged prosecutorial misconduct: improper expression of personal opinion, commenting on facts not in evidence, appealing to the jury's emotions and vouching for a witness. *See* Resp't's Mem. Mot. Dismiss App. 52, ECF No. 19-53 at 1, 5-9. The Connecticut Supreme Court denied certification to appeal. *See Abrams v. Comm'r of Correction*, 312 Conn. 905, 93 A.3d 157 (2014).

Thus, it seems apparent that prosecutorial misconduct sub-claims 1, 3, 4, and 6 may have been fully exhausted through the filing and appeal of the fourth state habeas petition. Although prosecutorial misconduct sub-claim 2 was raised in the context of the ineffective assistance of second habeas counsel claim on appeal from the denial of the fourth state habeas petition to the Connecticut Appellate Court, appellate counsel did not include that claim in the petition for certification to the Connecticut Supreme Court. Prosecutorial misconduct sub-claims 5, 7 and 8 were not raised on appeal from the denial of the fourth state habeas petition. As such, prosecutorial misconduct sub-

claims 2, 5, 7 and 8 have not been fully exhausted. The court concludes that the second ground of the petition includes exhausted and un-exhausted prosecutorial misconduct sub-claims.

### 3. Avenue to Exhaust Claims in State Court

With regard to the sub-claims of prosecutorial misconduct that were not fully exhausted through the ineffective assistance of trial, appellate and second habeas counsel claims asserted in the fourth state habeas petition and on appeal from the denial of that petition, the court concludes that the petitioner still may raise those sub-claims by filing a new state habeas petition to assert claims that fourth appellate habeas counsel was ineffective in failing to raise those sub-claims on appeal from the denial of the fourth state habeas petition. Because the petitioner still has an avenue in state court to exhaust the unexhausted sub-claims of prosecutorial misconduct, the court will not deem those sub-claims as having been exhausted. *See* 28 U.S.C. 2254(c)(3). Ground two of the petition is dismissed because it includes exhausted and un-exhausted sub-claims of prosecutorial misconduct.

### C. Double Jeopardy

The petitioner asserts that his convictions and sentences for attempted murder, assault in the first degree and criminal possession of a firearm violate the Double Jeopardy Clause of the Fifth Amendment. The respondent argues that this claim is only partially exhausted.

The respondent acknowledges that the petitioner filed two motions to correct sentence in state court. In the first motion, the petitioner argued that the convictions and sentences for attempted murder and assault in the first degree violated the Double Jeopardy Clause of the Fifth Amendment. *See* Mem. Mot. Dismiss, App. 37, ECF No. 19-37, at 13-14, 28-29. In the second motion, the petitioner argued only that his convictions and sentences for assault in the first degree and criminal possession of a firearm violated the Double Jeopardy Clause of the Fifth Amendment. *See id.* at 35.

In a hearing on February 23, 2007, the judge who had sentenced the petitioner heard testimony from the petitioner regarding the first motion to correct illegal sentence. *See id.* at 28-29; App. 19-73 (First Hearing First Mot. Correct Illegal Sentence Tr. Feb. 23, 2007). Although references were made to a second motion to correct illegal sentence at the hearing, the petitioner did not make clear that the second motion included a different double jeopardy claim than the double jeopardy claim raised in the first motion to correct an illegal sentence. Nor did he offer any argument with regard to the claim in the second motion to correct illegal sentence. *See id.* App. 19-73 (First Hearing First Mot. Correct Illegal Sentence Tr. 8, 11-12, 15-16, 18-19, 21-23, Feb. 23, 2007). On April 2, 2007, the judge concluded that the petitioner's convictions for attempted murder and attempted assault in the first degree were not the same offense for double jeopardy purposes and denied the first motion to correct illegal sentence. *See id.* App. 19-37 at 28-30.

On March 5, 2008, pursuant to the Connecticut Supreme Court's decision in *State v. Casiano,* 282 Conn. 614, 922 A.2d 1065 (2007), a different state court judge held a hearing to determine whether counsel should have been appointed in connection with the first hearing on the motion to correct illegal sentence. *See* Mem. Mot. Dismiss, App. 19-73 (Second Hearing First Mot. Correct Illegal Sentence Tr. 2-4, Mar. 5, 2008) (citing *Casiano,* 282 Conn. 614 at 627–28, 922 A.2d at 1073 (holding pursuant to General Statutes § 51–296(a), an indigent defendant "has a right to the appointment of counsel for the purpose of determining whether . . . a sound basis" exists for him to file a motion to correct an illegal sentence, and, if such a basis is determined to exist, he also has the right to counsel for the purpose of pursuing the motion to its conclusion.)) At the hearing, after testimony from an assistant public defender, the state court judge concluded that a sound basis did not exist to appoint counsel for the petitioner in connection with his first motion to correct illegal

sentence.  *See id.*

On April 9, 2008, a state court judge permitted the petitioner to re-argue his first motion to correct illegal sentence.  *See id.* App. 19-75 (Third Hearing on First Motion to Correct Illegal Sentence Tr. 7-18, Apr. 9, 2008).  In the hearing held on April 9, 2008, the petitioner did not mention the second motion to correct an illegal sentence.  Instead, he re-asserted his argument that his convictions and sentences for attempted murder and assault in the first degree violated the Double Jeopardy Clause of the Fifth Amendment.  *See id.*  No testimony or argument was offered as to the double jeopardy claim asserted in the second motion to correct illegal sentence.  *See id.*  At the end of hearing held on April 9, 2008, the judge denied the first motion for the same reasons the prior judge had denied the motion and also concluded that the petitioner had been sentenced within the statutory guidelines.  *See id.* Tr. 8-10, 19.  The docket reflects, however, that a clerk endorsed the second motion to correct illegal sentence as having been denied by the judge on April 9, 2008.  *See id.* App. 37, ECF No. 19-37, at 32.

The petitioner appealed the orders denying the first motion to correct illegal sentence.  *See id.* at 49; App. 38, ECF No. 19-38 at 8-9.  In his brief on appeal, he noted that the trial court had not ruled on his second motion to correct illegal sentence.  *See id.* App. 38 at 8 n.1.  He asserted his double jeopardy claim as one claim addressed to his convictions for attempted murder, assault in the first degree and criminal possession of a firearm.  *See id.* at 9-23.  In the petition for certification to the Connecticut Supreme Court, however, he only argued that the convictions and sentences for attempted murder and assault in the first degree violated the Double Jeopardy Clause of the Fifth Amendment.  *See id.* App. 41 at 4-11.  Thus, the second double jeopardy claim which is addressed to the petitioner's convictions for assault in the first degree and criminal possession of a firearm has not

been fully exhausted.

The court cannot determine whether the petitioner still has an avenue in state court to raise his second double jeopardy claim. Connecticut Practice Book § 43-22 provides: "the judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner." This practice book section does not appear to limit the number of motions to correct illegal sentence that a defendant may file. *See State v. Henderson*, 312 Conn. 585, 589–96, 94 A.3d 614, 616–19 (2014) (addressing second motion to correct illegal sentence filed pursuant to Connecticut Practice Book § 43-22). Although a clerk endorsed the petitioner's second motion to correct illegal sentence as having been denied at the hearing held on April 9, 2008, it seems clear from the hearing transcript that the judge who presided over the hearing was not aware that the second motion for illegal sentence asserted a different double jeopardy claim than the first motion and did not hear argument on the claim in the second motion. Thus, it is possible that the petitioner may be able to re-assert the double jeopardy argument raised in the second motion to correct illegal sentence in a new motion to correct illegal sentence. Because the court cannot conclude that the petitioner has no avenue for relief regarding his second double jeopardy claim, the court will not deem it to be exhausted. *See Janulawicz v. CT Comm'r of Correction*, No. 3:14CV1136 (RNC), 2015 WL 5797015, at *3 (D. Conn. Sept. 30, 2015) ("On the present record, the Court cannot say for certain that the *pro se* petitioner would be procedurally barred if he were to seek relief in state court. Thus, it is better to dismiss the [unexhausted] claims without prejudice for failure to exhaust.") The third ground for relief is dismissed because it includes an exhausted and an unexhausted double jeopardy claim.

### D. <u>Ineffective Assistance of Appellate Counsel</u>

Ground four of the petition asserts twenty-one sub-claims of ineffective assistance of appellate counsel. The respondent argues that none of the sub-claims have been fully exhausted.

### 1.  **Fourth State Habeas Petition**

The petitioner contends that he exhausted sub-claims 1, 2, 3, 6, 8, 9, 11, 12, 14, 15, 16, 17, and 18 by raising those sub-claims in his fourth state habeas petition and on appeal from the denial of that petition. He concedes that he did not exhaust the other sub-claims of ineffective assistance of appellate counsel asserted in the present petition.

In the fifth count of the fourth state habeas petition, the petitioner raised three claims of ineffective assistance of appellate counsel. *See* Mem. Mot. Dismiss, App. 45, ECF No. 19-45, at 13-14. The petitioner argued in the first claim that appellate counsel was ineffective in failing to file a petition for certification to appeal from the decision of the Connecticut Appellate Court affirming his convictions and argued in the third claim that appellate counsel was ineffective in failing to raise a claim that the trial judge violated his due process rights by imposing consecutive sentences for attempted murder and assault in the first degree in violation of the Double Jeopardy Clause of the Fifth Amendment. *See id.* In the second claim, the petitioner argued that appellate counsel was ineffective in failing to raise, and/or adequately brief, and/or adequately argue eight different issues on appeal. Seven of those eight issues involved different types of prosecutorial misconduct. *See id.* The eighth issue involved improper jury instructions on attempted murder, intent, assault in the second degree, and the defense of mistaken identity. Thus, it appears that all of the sub-claims of ineffective assistance of appellate counsel asserted in ground four of the present petition, except sub-claims 4, 5, 7, 13, part of 18, 19, 20, and 21, were raised in the fourth state habeas petition.

In denying the fourth state habeas petition with regard to the claim of ineffective assistance of

appellate counsel, the judge concluded that it was unnecessary to go further than to "stat[e] that no credible evidence was adduced supporting any allegation of substandard representation by previous habeas counsel . . . as to [appellate counsel]. The petitioner produced no expert witness who criticized the professional performance of any lawyer who is the subject of the petitioner's present ineffective assistance claims." *Abrams*, 2012 WL 5992687, at *2. The judge further concluded that appellate counsel's decision not to file a petition for certification to the Connecticut Supreme Court was an informed and reasonable tactical decision that did not amount to ineffective performance. *See id.* at *3-4.

The petitioner appealed the denial of the fourth state habeas petition. On appeal, the petitioner raised a claim that the trial court had erred in concluding that appellate counsel had not provided ineffective assistance in failing to raise on direct appeal all viable claims of misconduct by the prosecutor during trial and closing arguments. *See* Mem. Mot. Dismiss, App. 49, ECF No. 19-49, at 30-33. Fourth habeas appellate counsel identified four specific types of misconduct that appellate counsel neglected to raise on direct appeal: improper expression of personal opinion, commenting on facts not in evidence, appealing to the jury's emotions and vouching for a witness. *See id.* The Connecticut Appellate Court dismissed the appeal. *See Abrams*, 149 Conn. App. 903, 87 A.3d 631. The petitioner raised the same claim in the petition for certification to the Connecticut Supreme Court. *See* Mem. Mot. Dismiss, App. 52, ECF No. 19-53, at 1, 5-10. On May 29, 2014, the Connecticut Supreme Court denied the petition for certification without opinion. *See Abrams*, 312 Conn. 905, 93 A.3d 157. Thus, the petitioner has arguably exhausted his sub-claims of ineffective assistance of appellate counsel, 6, 8, 9, and 11, addressed to counsel's alleged failure to raise all viable instances of misconduct of the prosecutor at trial and in closing arguments that were raised in

the fourth state habeas petition and on appeal from the denial of the petition. The court concludes that the fourth ground includes exhausted and unexhausted sub-claims of ineffective assistance of appellate counsel.

## 2.     Avenue in State Court to Exhaust Claims

With regard to the sub-claims of ineffective assistance of appellate counsel that were not exhausted on appeal from the fourth state habeas petition or were not otherwise raised or exhausted in the fourth habeas petition or any other state habeas petition, the court concludes that the petitioner still may raise those sub-claims by filing a new state habeas petition to assert claims that fourth habeas counsel was ineffective in failing to raise all of the sub-claims of ineffective assistance of appellate counsel in the amended petition and that fourth habeas appellate counsel was ineffective in not raising all claims of ineffective assistance of appellate counsel that were raised in the fourth amended petition on appeal from the denial of the amended petition.   Because the court concludes that the unexhausted sub-claims of ineffective assistance of appellate counsel claims are not barred from review in state court, the court will not deem those sub-claims as having been exhausted. *See* 28 U.S.C. 2254(c)(3).  Ground four of the petition is dismissed because it includes exhausted and un-exhausted sub-claims of ineffective assistance of appellate counsel.

## E.     Dismissal or Stay

The court has concluded that all four grounds of the petition contain both exhausted and unexhausted sub-claims.  Traditionally, a mixed petition that contains both exhausted and unexhausted claims, is dismissed without prejudice to refiling another federal habeas corpus action after all claims have been exhausted. *See Slack v. McDaniel*, 529 U.S. 473, 486 (2000).  Under some circumstances, however, the district court may stay a mixed habeas petition to enable the petitioner to

present his unexhausted claims to the state court and then return to federal court for review of all of his claims. A stay should be invoked only in limited circumstances, where the petition contains both exhausted and unexhausted claims, the petitioner demonstrates good cause for failing to exhaust all claims before filing the federal petition, and the petitioner may be time-barred if the case were dismissed. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *see also Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001) (in view of the one-year limitations period for filing a federal habeas petition set forth in 28 U.S.C. § 2244(d)(1), district courts should not to dismiss a mixed petition if an outright dismissal would preclude petitioner from having all of his claims addressed by the federal court).

The limitations period commences when the judgment of conviction becomes final. *See* 28 U.S.C. §2244(d)(1); *Rivas v. Fischer*, 687 F.3d 514, 533 (2d Cir. 2012) ("The statute of limitations "runs from the latest of a number of triggering events, including the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.") (internal quotation marks omitted). The limitations period may be tolled for the period during which a properly filed state habeas petition is pending. *See* 28 U.S.C. 2244(d)(2).

As indicated in the procedural background section above, the petitioner filed his first state habeas petition on March 5, 2002, while the direct appeal of his conviction was still pending. *See* Mem. Mot. Dismiss, App. 15, ECF No. 19-15, (Case Detail for *Abrahams v. Warden*, No. CV02-464618-S (Conn. Super. Ct. Mar. 5, 2002). The direct appeal of his convictions became final on February 4, 2004, the date on which his right to file a petition for certification to the Connecticut Supreme Court expired under Connecticut law. *See* 28 U.S.C. § 2244(d)(1)(A). As of February 4, 2004, however, the petitioner's first state habeas petition was still pending. The petitioner filed each

of his successive state habeas petitions prior to the final disposition of each prior state habeas petition, including the fifth state habeas petition. Because the appeal of the fifth state habeas petition has not become final, the one-year limitations period has not begun to run.

The respondent argues that a stay is unnecessary because the statute of limitations has remained tolled throughout the petitioner's state habeas petitions and continues to be tolled during the pendency of the appeal of the fifth state habeas petition. The petitioner has not shown good cause for failing to completely exhaust his state court remedies as to all sub-claims in each ground of the petition prior to filing this action. Thus, the court concludes that the concerns addressed in *Rhines* and *Zarvela* are not present and there is no basis to stay this action while the petitioner exhausts his unexhausted sub-claims in state court. Accordingly, the court will dismiss the petition without prejudice.

## IV.    Conclusion

The Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus [**ECF No. 19**] is **GRANTED** on the ground that the petition contains both unexhausted and exhausted claims and the Petition for Writ of Habeas Corpus, [**ECF No. 1**], is **DISMISSED** without prejudice. The petitioner may file a new federal habeas petition after he has exhausted his available state court remedies as to all of the sub-claims in the four grounds set forth in this petition.[7]

---

[7]    The petitioner is informed that he also has the option of proceeding only as to the exhausted sub-claims in each ground of the petition. If so, he must file a motion to reopen within 30 days seeking: (1) to proceed as to the exhausted sub-claims in each ground of the petition and (2) to withdraw all of the unexhausted sub-claims. The motion must clearly identify each sub-claim that the petitioner claims has been fully exhausted and explain how each sub-claim was exhausted in state court. The petitioner is cautioned, however, that if he proceeds only as to the exhausted sub-claims, with the intention of presenting the unexhausted sub-claims to this court after they have been exhausted, he will run the risk that any such subsequent petition will not be considered by this court because it would constitute a second or successive petition. *See* 28 U.S.C. § 2244(b)(2).

The court concludes that jurists of reason would not find it debatable that the petitioner has failed to exhaust all available state court remedies as to each ground of the petition. Thus, a certificate of appealability will not issue. *See Slack*, 529 U.S. at 484 (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

The Clerk is directed to enter judgment and close this case.

SO ORDERED at Hartford, Connecticut this 25th day of February, 2019.

_____/s/_____
Michael P. Shea
United States District Judge